UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN HAHN,

Plaintiff,

v.

BILL MARTIN, *et al.*,

Defendants.
_________________________________/

Case No. **01-74656**
03-73720
04-73318
05-70151

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DONALD A. SCHEER

**ORDER**

On February 25, 2005, the Court ordered that all documents concerning Plaintiff's claims be filed under case number 01-74656 [ECF 245]. Many of the pleadings in these cases have been docketed under multiple case numbers. Each motion will be addressed in turn under each of the applicable case numbers. However, the Court's order that all future filings be filed under case number 01-74656 remains in effect.

**A. Case Number 01-74656**

On September 16, 2004, Defendants filed a motion to dismiss Plaintiffs claims in case 03-73720. In 01-74656, this motion is listed as pending, but does not have a docket number. In 03-73720, the motion is docketed as [ECF 14]. Plaintiff, through counsel, filed a response to this motion on November 22, 2004. Plaintiff's response was docketed as [ECF 236] in case 01-74656.

On September 21, 2004, Defendants filed a motion for summary judgment as to Plaintiff's claims in case 03-73720. This motion is docketed as [ECF 16] in 03-73720. It

is on the docket but does not have a docket number in 01-74656.

On September 8, 2005, this Court appointed Carole E. Chiamp as guardian *ad litem* for Plaintiff. The Court expects that the guardian *ad litem* will petition the Wayne County Probate Court for the appointment of a conservator to represent Plaintiff's interests in this matter. Therefore, Defendants' motion for summary judgment and motion to dismiss are **HELD IN ABEYANCE** pending completion of the probate proceedings.

On October 12, 2004, Defendants filed an "appeal of the magistrate's discovery order." [ECF 231]. Defendants do not dispute that Plaintiff is entitled to any discovery necessary for his response to Defendants' motion to dismiss and motion for summary judgment. Defendants argue that they should not be compelled identify and index the items produced in discovery because the task would be overly burdensome. The Court agrees. Therefore, Defendants' appeal of the magistrate's discovery order [ECF 231] is **GRANTED**.

On October 25, 2004, Plaintiff, through then-retained counsel, filed a motion for leave to file first amended complaint and jury demand. [ECF 232]. Defendants filed a response to this motion on November 9, 2004. The Court finds that amendment of Plaintiff's complaint at this point would not assist Plaintiff in more adequately stating his claims against Defendants. Therefore, Plaintiff's motion for leave to file first amended complaint [ECF 232] is **DENIED**.

On December 3, 2004, Plaintiff, again through his then-retained attorneys, filed a motion for leave to file first amended complaint and jury demand. [ECF 238]. For the reasons stated above, Plaintiff's motion for leave to file first amended complaint [ECF

238] is **DENIED**.

On March 18, 2005, Plaintiff filed a "motion and brief to exceed page limits." [ECF 250] This motion argues that the MDOC has interfered with Plaintiff's ability to accommodate his disability by failing to provide a proper desk and/or writing surface. Apparently, this motion refers to Plaintiff's motion for reconsideration of the order allowing Plaintiff's attorneys to withdraw from the case. Therefore, Plaintiff's motion to exceed page limits [ECF 250] is **GRANTED**.

On March 18, 2005, Plaintiff filed a motion for reconsideration of the court's order on counsel's motion to withdraw [ECF 251]. Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted where the moving party demonstrates a palpable defect by which the court and the parties have been misled and that correcting the defect will result in a different disposition of the case. However, the court will not grant motions for reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.

In this case, Plaintiff complains that his retained attorneys were improperly allowed to withdraw because the terms of their contract with Plaintiff precluded withdrawal, counsel provided "false information as [their] reason to withdraw," and the Court did not allow Plaintiff sufficient time to respond to the motion to withdraw.

The court finds no palpable defect in its order granting counsel's motion to withdraw. Therefore, Plaintiff's motion for reconsideration [ECF 251] is **DENIED**.

On March 23, 2005, Plaintiff filed the same motion for reconsideration. However, the second filing was docketed as [ECF 252]. For the reasons set forth above, Plaintiff's motion for reconsideration [ECF 252] is **DENIED**.

In connection with [ECF 252], Plaintiff also re-filed a motion to exceed page limits [ECF 253]. This motion is identical to [ECF 250] and is **GRANTED** for the same reasons set forth above.

On May 2, 2005, Defendants filed a motion to dismiss. [ECF 254]. Defendants argue that Plaintiff's complaint should be dismissed for failure to comply with the total exhaustion requirement set forth in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

The Sixth Circuit's decision in *Jones-Bey* is void under prior Sixth Circuit case law, namely, *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) which held that in a prisoner's civil rights case, unexhausted claims should be allowed to proceed and be determined on the merits. *See Jones-Bey*, 407 F.3d at 809 (Clay, J., dissenting); *see also Garner v. Unknown Napel*, 375 F.Supp.2d 582,584-85. (W.D. Mich. 2005) (Enslen, J.). This Court will not follow the total exhaustion rule until the United States Supreme Court or the Sixth Circuit *en banc* reverses *Hartsfield*. Therefore, Defendant's motion to dismiss [ECF 254] is **DENIED**.

On May 10, 2005, Plaintiff filed a "motion to request case status, motion in opposition to Kuhn, et al., withdrawal, motion to reconsider illegal 3/8/05 ruling [granting counsel's motion to withdraw] - 4 days early, and notice of two new plaintiffs upon proper PLRA Rules, 6th Circuit and U.S. Supreme Court Case." [ECF 256]. This pleading does not identify who the additional plaintiffs would be. In addition, the Court finds that the order granting counsel's motion to withdraw is not proper for reconsideration. Therefore, Plaintiff's motion [ECF 256] is **DENIED**.

On May 12, 2005, Plaintiff filed a motion "for an indefinite stay on ruling to May 2, 2005 Defendant's motion; motion to extend time limit for reply and motion in

opposition to May 5 motion; motion to order court, Williams, P.C. and MDOC to immediately issue Alan all documents, records, transcripts where he is at; and motion to find Att. General, Williams, P.C., and court in contempt of court." [ECF 255]. Plaintiff's motion is moot to the extent that the Court has denied Defendants' May 2, 2005 motion to dismiss. In addition, Plaintiff's former counsel are bound by the terms of the order granting their motion to withdraw. Therefore, Plaintiff's motion is **DENIED**.

Also on May 12, 2005, Plaintiff filed a motion to stay "(1) to have time to heal and then study what damage Williams, P.C. did - then to be allowed to undo it [illegible];" and "(2) to allow me to prove exhaustion[.]" [ECF 257].

As discussed above, the Court's order allowing Plaintiff's counsel to withdraw does not contain palpable error. In addition, Plaintiff presumably wished to address the exhaustion issues raised in Defendant's motion to dismiss [ECF 254], which was discussed above. In light of the denial of Defendant's motion to dismiss under the total exhaustion rule, Plaintiff's motion to stay [ECF 257] is **DENIED**.

On July 14, 2005, Plaintiff filed a "motion to have Williams, P.C. in contempt of court." [ECF 262]. The Court cannot determine any basis upon which to hold Plaintiff's former counsel in contempt. Therefore, Plaintiff's motion [ECF 262] is **DENIED**.

On September 23, 2005, Plaintiff filed a "motion to amend to add defendants and claims to find the MDOC, CMS, and their employees guilty of deliberate indifference and cruel and unusual punishment." [ECF 267]. Plaintiff's motion is **GRANTED** and this pleading will be accepted by the Court as part of the record in 01-74656.

**B. Case Number 03-73720**

As discussed above, Defendants have filed a motion to dismiss and a motion for

summary judgment that were docketed in both case number 01-74656 and case number 03-73720. For the reasons set forth above, these motions, docketed as [ECF 14] and [ECF 16], respectively, will be **HELD IN ABEYANCE** until proceedings concerning the appointment of a conservator are completed.

On March 18, 2005 and March 23, 2005, Plaintiff filed a "motion and brief to exceed page limits." [ECF 31], [ECF 34]. This motion is identical to the motion with docket numbers [250] and [253] in 01-74656. For the reasons set forth above, Defendants' motion to exceed page limits [ECF 31], [ECF 34] is **GRANTED**.

Also on March 18, 2005 and March 23, 2005, Plaintiff filed a motion for reconsideration [ECF 32], [ECF 33], that is identical to docket number [ECF 251], [ECF 252] in 01-74656. For the reasons set forth above, Plaintiff's motion for reconsideration [ECF 32], [ECF 33] is **DENIED**.

On May 2, 2005, Defendants filed a motion to dismiss [ECF 35], [ECF 36]. This motion is identical to the one with docket number [254] in 01-74656. As stated above, the Sixth Circuit's decision in *Jones-Bey* is void. Therefore, Defendants' motions to dismiss, [ECF 35] and [ECF 36], are **DENIED**.

On May 10, 2005, Plaintiff filed a "motion to request case status, motion in opposition to Kuhn, et al., withdrawal, motion to reconsider illegal 3/8/05 ruling [granting counsel's motion to withdraw] - 4 days early, and notice of two new plaintiffs upon proper PLRA Rules, 6th Circuit and U.S. Supreme Court Case." [ECF 38] This motion is identical to docket entry [256] in 01-74656. For the reasons stated above, Plaintiff's motion [ECF 38] is **DENIED**.

On May 12, 2005, Plaintiff filed two motions to stay [ECF 37], [ECF 39] that are

identical to docket entries [255] and [257] in 01-74656. For the reasons stated above, Plaintiff's motions to stay [ECF 37], [ECF 39] are **DENIED**.

Plaintiff's motion to hold Williams, P.C., in contempt [ECF 37] is also identical to docket number [255] in 01-74656 and for the same reasons set forth above is **DENIED**.

Docket number [ECF 44], a motion to find Williams, P.C. in contempt of court is identical to docket entry [262] in 01-74656 and is **DENIED**.

Docket number [ECF 49] is identical to docket number [267] in 01-74656 and is **DENIED**.

### C. Case Number 04-73318

Plaintiff has filed three motions concerning the reassignment of this case. [ECF 3], [ECF 4],[ECF 10]. The Court will construe these motions as a motion for reconsideration. Case number 04-73318 was properly reassigned as a companion case to Plaintiff's other pending case. Under Local Rule 7.1(g)(3he Court is unable to find any palpable defect in the order of reassignment. Therefore, Plaintiff's motions [ECF 3], [ECF 4], and [ECF 10] are **DENIED**.

On October 20, Plaintiff filed a motion for leave to exceed page limits [ECF 5] because his pleadings are hand written. Plaintiff's motion for leave to exceed page limits [ECF 5] is **GRANTED**.

On November 16, 2004, Plaintiff filed a motion to appoint counsel [ECF 11]. Throughout this litigation, Plaintiff has demonstrated an inability to cooperate and maintain an effective relationship with both his appointed and retained attorneys. In addition, at the time Plaintiff filed this motion, he was represented by retained counsel.

Therefore, Plaintiff's motion to appoint counsel [ECF 11] is **DENIED**.

Also on November 16, 2004, Plaintiff filed a "motion to urge court to rule immediately on: A) motion of U.S. Marshal Service to serve defendants; B) on mandamus/TRO/PI." [ECF 13]. The grounds for this motion appear to be moot. Therefore, Plaintiff's motion to urge the court to rule immediately is **DENIED**.

On November 17, 2004, Plaintiff filed a "motion to admit Plaintiff's *pro se* brief of explanation as to exhaustion of administrative remedies." [ECF 8]. Plaintiff's motion [ECF 8] is **GRANTED**.

### D. Case Number 05-70151

On January 3, 2005, Plaintiff filed several motions in case 05-70151. First, Plaintiff filed a "motion to admit Plaintiff's pro se brief of explanation as to exhaustion of administrative remedies." [ECF 5]. This motion is **GRANTED**.

Second, Plaintiff filed a "motion and brief to exceed page limits." [ECF 6]. This motion is **GRANTED**.

Third, Plaintiff filed a "motion to order MDOC to make full and complete copies of the suit, its parts and exhibits for service on defendants." [ECF 7]. The Court cannot find any basis for granting such relief. Therefore, this motion [ECF 7] is **DENIED**.

Finally, Plaintiff filed a motion for appointment of counsel. [ECF 9]. For the reasons stated above, Plaintiff's motion for appointment of counsel is **DENIED**.

## CONCLUSION

Based on the foregoing, the Court HEREBY ORDERS AS FOLLOWS:

**In Case Number 01-74656:**

- Defendant's motion to dismiss, filed on September 26, 2004, is **HELD IN ABEYANCE**;

- Defendant's motion for summary judgment, filed on September 21, 2004, is **HELD IN ABEYANCE**;

- Defendants' appeal of the magistrate's discovery order [ECF 231] is **GRANTED**;

- Plaintiff's motion for leave to file first amended complaint [ECF 232], [ECF 238] is **DENIED**;

- Plaintiff's motion to exceed page limits [ECF 250], [ECF 253] is **GRANTED**;

- Plaintiff's motion for reconsideration of the Court's order on counsel's motion to withdraw [ECF 251], [ECF 252] is **DENIED**;

- Defendant's motion to dismiss [ECF 254] is **DENIED**;

- Plaintiff's motion to request case status [ECF 256] is **DENIED**;

- Plaintiff's motion for indefinite stay [ECF 255] is **DENIED**;

- Plaintiff's motion to stay [ECF 257] is **DENIED**;

- Plaintiff's motion to have Williams, P.C. in contempt of Court [ECF 262] is **DENIED**;

- Plaintiff's motion to amend to add defendants and claims [ECF 267] is **GRANTED**.

**In Case Number 03-73720:**

- Defendants' motion to dismiss [ECF 14] is **HELD IN ABEYANCE**;

- Defendants' motion for summary judgment [ECF 16] is **HELD IN**


**ABEYANCE**;

- Plaintiff's motion to exceed page limits [ECF 31], [ECF 34] is **GRANTED**;
- Plaintiff's motion for reconsideration [ECF 32], [ECF 33] is **DENIED**;
- Defendants' motions to dismiss [ECF 35], [ECF 36] are **DENIED**;
- Plaintiff's motion to request case status [ECF 38] is **DENIED**;
- Plaintiff's motions to stay [ECF 37], [ECF 39] are **DENIED**;
- Plaintiff's motions to hold Williams, P.C. in contempt [ECF 37], [ECF 44] are **DENIED**;
- Plaintiff's motion to amend [ECF 49] is **GRANTED** and will be accepted for filing under case number 01-74656;

**<u>In Case Number 04-73318:</u>**

- Plaintiff's motion for reconsideration of the order of reassignment [ECF 3], [ECF 4], [ECF 10] is **DENIED**;
- Plaintiff's motion for leave to exceed page limits [ECF 5] is **GRANTED**;
- Plaintiff's motion to appoint counsel [ECF 11] is **DENIED**;
- Plaintiff's motion to urge the Court [ECF 13] is **DENIED**;
- Plaintiff's motion to admit brief of explanation as to exhaustion [ECF 8] is **GRANTED**.

**<u>In Case Number 05-70151:</u>**

- Plaintiff's motion to admit brief of explanation as to exhaustion [ECF 5] is **GRANTED**;
- Plaintiffs' motion to admit brief of explanation as to exhaustion [ECF 8] is

**GRANTED**;

- Plaintiff's motion to exceed page limits [ECF 6] is **GRANTED**;
- Plaintiff's motion to order MDOC to make full and complete copies [ECF 7] is **DENIED**;
- Plaintiff's motion for appointment of counsel [ECF 9] is **DENIED**.

**SO ORDERED**.

s/ Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: 9/29/05

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005 by electronic and/or ordinary mail.

s/ Theresa E. Taylor
Case Manager