**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN HAHN,

        Plaintiff,

v.

BILL MARTIN, et al.,

        Defendants.

_____/

CIVIL CASE NO. 01-74656
03-73720
04-73318
05-70151

HON. MARIANNE O. BATTANI

## OPINION AND ORDER VACATING MAY 17, 2006 ORDER OF DISMISSAL

On May 17, 2006, Plaintiff's case was dismissed based upon the total exhaustion rule as articulated by the Sixth Circuit in Jones Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Plaintiff was given 60 days to file an Amended Complaint, setting forth allegations as to the exhausted claims. Plaintiff subsequently filed a series of motions, including an Objection to the dismissal (Doc. No. 309), which the Court construes as a motion for relief from judgment under Rule 60(b). In his pleading, Hahn contends that he has fully exhausted his claims; that the Court misapplied the total exhaustion rule.

The reasons articulated in the Objection ignored the governing case law of the Circuit. The Court nevertheless delayed ruling on the Objection in light of a pending petition to the United States Supreme Court for certiorari. The Supreme Court granted the petition and subsequently abrogated the total exhaustion rule in Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 923 (2007), the Court reinstates Plaintiff's complaint.

## II. STANDARD OF REVIEW

Rule 60(b)(1) allows for relief from judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." FED.R.CIV.P. 60(b)(1).

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED.R.CIV.P. 60(b)

## III. ANALYSIS

In its order dismissing Hahn's complaint, the district court relied upon the Sixth Circuit's interpretation of the Prisoner Litigation Reform Act. That interpretation required prisoner-litigants to plead that they had exhausted their available administrative remedies with respect to all of their claims and all named defendants before filing suit. The Supreme Court reversed this precedent in Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 921, 923-25 (2007) (holding that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints;" (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances;" and (3) a complaint containing both exhausted and unexhausted claims should not be dismissed in its entirety; the district court should proceed with the exhausted claims while dismissing the unexhausted claims).

Rule 60(b) provides for relief from a judgment based upon legal error. The Jones decision confirms that dismissal of Plaintiff's complaint in its entirety was a mistake inasmuch as it arose out of an interpretation of the Prisoner Litigation Reform Act rejected by the Supreme Court. Plaintiff therefore is entitled to relief from judgment under Rule 60(b)(1). Okoro v. Hemingway, 481 F.3d 873 (6th Cir. 2007).

Accordingly, Plaintiff's exhausted claims must be reinstated. The Court's May 17, 2006, Order identified those claims, as articulated in two previous orders. To aid the parties in understanding what is reinstated and not subject to a subsequent request for dismissal on the ground of failure to exhaust, the Court quotes those portions of the Order below.

Case No. 01-74656 (Standish)

> Thomas M. Birkett, per grievances SMF0012315826z (Plaintiff's Standish Exhibit, p. 55) and SMF 0102042017A (p. 66); Request to File During Modified Access ("RTFMA"): August 2, 2001 (p. 112); July 20, 2001 (p. 114); August 2, 2001 (p. 115); August 8, 2001 (p. 116); July 20, 2001 (p. 119); August 3, 2001 (p. 136).
>
> Dale Suiter, per RTFMA, October 4, 2001 (p. 109).
>
> Ray Bowerson, per RTFMA, September 5, 2001 (p. 110).
>
> Karen Wright, per grievance SMF 0103055528z.
>
> Mr. Curley, per RTFMA, October 1, 2001 (p. 106).
>
> Barbara Hilborn, per RTFMA, August 4, 2001 (p. 117) and October 25, 2001 (p. 135).
>
> Merricarol Raines, per RTFMA, October 2, 2001 (p. 103).

Case No. 03-73720 (Huron Valley Men's Facility)

> Andrew J. Jackson, per grievance HVM 0040048006E (Plaintiff's HVMF Exhibit, p. 41).

May 17, 2006 Order, citing Order of 4/8/04 at 3-4.

In addition, the Court made reference to findings relative to exhaustion contained in its July 28, 2004 Order. More specifically, it noted "that a sub-set of Plaintiff's claims were based on grievances which provided defendants with fair notice of the legal claims or theories alleged." Id. at 3-4. The Court again quotes the relevant portions below.

> Case No. 01-74656 (Standish).

>> As to defendant Thomas M. Birkett, the following grievances are considered exhausted: SMF0012315826z (Plaintiff's Standish Exhibit, p. 55), and SMF 0102042017A (p. 66); Requests to File During Modified Access ("RTFMA"): August 2, 2001 (p. 112); July 20, 2001 (p. 114); August 2, 2001 (p. 115); August 8, 2001 (p. 116); July 20, 2001 (p. 119); August 3, 2001 (p. 136). Taken individually and collectively, the Court finds that these grievances satisfy the PLRA's exhaustion requirements against this defendant as to Plaintiff Alan Hahn's claims under the First and Eight Amendments (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the Americans With Disabilities Act ("ADA").

>> As to defendant Dale Suiter, the following grievance is considered exhausted: RTFMA, October 4, 2001 (p. 109). This grievance is found to exhaust Plaintiff Alan Han's claims against this defendant under the Eight Amendment (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the ADA.

>> As to defendant Ray Bowerson, the following grievance is considered exhausted: RTFMA, September 5, 2001 (p. 110). This grievance is found to satisfy the PLRA's exhaustion requirements as to Plaintiff Alan Hahn's claims against this defendant under the First and Eighth Amendments (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the ADA.

>> As to defendant Karen Wright, the following grievance is considered exhausted: SMF 0103055528z (p. 69). This grievance is found to satisfy the PLRA's exhaustion requirements against this defendant as to Plaintiff Alan Hahn's claims under the Eight

> Amendment (via the Fourteenth Amendment), the Equal Protection
> Claus of the Fourteenth Amendment, and the ADA.
>
> As to defendant Mr. Curley, the following grievance is considered
> exhausted: RTFMA, October 1, 2001 (p. 106). This grievance is found to
> satisfy the PLRA's exhaustion requirements against this defendant as to
> Plaintiff Alan Hahn's claim under the Eight Amendment (via the
> Fourteenth Amendment).
>
> As to defendant Barbata Hilborn, the following grievances are considered
> exhausted: RTFMA, August 4, 2001 (p. 117) and October 25, 2001 (p.
> 135). The Court finds that these grievances satisfy the PLRA's exhaustion
> requirements against this defendant as to Plaintiff Alan Hahn's claims
> under the First and Eighth Amendments (via the Fourteenth Amendment ),
> the Equal Protection Clause of the Fourteenth Amendment, and the ADA.
>
> As to defendant Merricarol Raines, the following grievance is considered
> exhausted: RTFMA October 2, 2001 (p. 103). The Court finds that this
> grievance satisfies the PLRA's exhaustion requirements against this
> defendant as to Plaintiff Alan Hahn's claims under the First Amendment
> (via the Fourteenth Amendment) and the Due Process Clause of the
> Fourteenth Amendment.
>
> Case No. 03-73720 (Huron Valley Men's Facility).
>
> As to defendant Andrew J. Jackson, the following grievance is
> considered exhausted: HVM 0040048006E (Plaintiffs's HVMF
> Exhibit p. 41). The Court finds that this grievance satisfies the
> PLRA's exhaustion requirement against this defendant as to
> Plaintiff Alan Hahn's federal claims under the Eighth Amendment
> (via the Fourteenth Amendment), the Equal Protection Clause of
> the Fourteenth Amendment, the ADA, the Civil Rights of
> Institutionalized Persons Act, the Handicappers Civil Rights Act,
> and the Federal Rehabilitation Act. Further, the Court finds that
> this grievance also exhausts Plaintiff Alan Hahn's state claims
> under Article I, § 17 of the Constitutional of Michigan of 1963.

May 17, 2006 Order <u>citing</u> Order of 7/28/04 at 3-4.

In light of <u>Jones</u>, Plaintiff need not file amended complaints. The myriad of pleadings filed by Plaintiff prior to the May 17, 2007 dismissal, including Doc. Nos. 310, and 311 in Case No. 01-74656, were rendered moot by the dismissal. Further, Doc. Nos. 314 and 316 are

5

rendered moot by this Order. Plaintiff's pleadings in Case No. 03-73720, including Doc. Nos. 79, 80, 81, 82, 83, 84, and 85 likewise were rendered moot. Moreover, those pleadings as well as Doc. Nos. 87, 88, 89, 90, 91, 93, 94, 95, 98, 100, and 101 were filed in violation of the Court's February 25, 2005 Order that all filings in Plaintiff's various cases were to be filed under the 01-74656 case number. Accordingly, the Court strikes those documents filed in Case No. 03-73720, as well as Doc. Nos. 55, 56, 60, 61, and 64 in Case No. 04-73318, and Doc. Nos. 47, 48, 52, 54 and 55, filed in Case No. 05-70151 for the same reason.

In addition, in the May 17, 2006, Order, the Court dismissed all other individual defendants in the consolidated cases. The validity of this action is called into question by the <u>Jones</u> decision. Specifically, as to those claims dismissed for failure to exhaust a grievance against every named defendant in a complaint, the <u>Jones</u> Court observed that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted." <u>Jones</u>, 127 S.Ct. at 922-23. Accordingly, the Court reinstates all Defendants who were dismissed on that ground. Defendants may filed a motion to dismiss, advancing failure to exhaust grounds in light of the <u>Jones</u> decision or dismissal on any other grounds **on or before July 13, 2007**. Plaintiff may file a response **on or before August 10, 2007**; Defendants may file a reply on **or before August 31, 2007**.

The Court advises Plaintiff that in light of the dismissal of Plaintiffs Thomas and Mary Hahn, the Court will not entertain any pleadings containing their signatures as plaintiffs.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Court's dismissal of Plaintiff's Complaint is **VACATED** and Case No. 01-74656 is **REINSTATED.** The Court **DISMISSES** as moot Doc. Nos. 310, 311, 314, and 316 in Case No. 01-74656, Doc. Nos. 79, 80, 81, 82, 83, 84, and 85 in Case. No. 03-73720. The Court **STRIKES** Doc. Nos. 87-91, 94, 93, 95, 98, 100, and 101 in Case No. 03-73720; Doc. Nos. 55, 56, 60, 61, and 64 in Case No. 04-73318, and Doc. Nos. 47, 48, 52, 54, and 55 in Case No. 05-70151.

**IT IS FURTHER ORDERED** that civil numbers 03-73720, 04-73318, and 05-70151 are hereby closed for administrative purposes.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: May 25, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Alan T. Hahn, and Kevin Himebaugh on this date by ordinary mail and/or electronic filing

        s/Bernadette M. Thebolt
        DEPUTY CLERK